UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EUGENE OKECHUKWU AGINA, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | Civil Action No. |
| v. | ) | 05cv11234-NMG |
| | ) | |
| MICHAEL CHERTOFF, SECRETARY | ) | |
| OF DEPARTMENT OF HOMELAND | ) | |
| SECURITY, ET AL. | ) | |
| | ) | |
| Respondents[1] | ) | |

RETURN AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**SUMMARY CASE STATEMENT**

Petitioner is a native and citizen of Nigeria presently detained by the Bureau of Immigration and Customs Enforcement of the Department of Homeland Security ("ICE") pending execution of his final order of removal.  His petition to this Court asserts unlawfully prolonged post-order detention in contravention of the Supreme Court's rule in Zadvydas v. Davis, 121 S. Ct. 2491 (2001).  Petition for Writ of Habeas Corpus, p. 11.

However, because petitioner's removal to Nigeria is now "reasonably foreseeable" due to recent developments, petitioner

---

[1] The responsive official of the Department of Homeland Security responsible for enforcement of petitioner's removal order in the instant action is Bruce Chadbourne, Field Office Director for Detention and Removal, Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") in Boston, Massachusetts. See 28 U.S.C. § 517 (providing for the appearance of the Department of Justice "to attend to the interests of the United States in a suit pending in a court of the United States").

fails to state a claim upon which relief may be granted under
<u>Zadvydas v. Davis, et al.</u>, 121 S. Ct. at 2505.

**ARGUMENT**

I.  BECAUSE PETITIONER'S REMOVAL IS NOW REASONABLY FORESEEABLE
    THE PETITION FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE
    GRANTED.

Petitioner raises no challenge to his removal order, but
instead complains about the length of his detention by respondent
awaiting the completion of necessary arrangements for
petitioner's removal.  However, because of recent communications
to respondent from the Embassy of Nigeria, respondent believes
now that there is a substantial likelihood that the  necessary
authorization for issuance of a travel document that would enable
petitioner's deportation will be forthcoming in the reasonably
foreseeable future.  <u>See</u> Attachment A, Declaration of Allan
Sweeney.

The Supreme Court in <u>Zadvydas v. Davis</u>, 121 S. Ct. 2491
(2001) recognized six months as a presumptively reasonable period
of detention within which to allow the government to accomplish
an alien's removal, and said that, "for the sake of uniform
administration in the federal courts, we recognize that period".
<u>Id</u>. at 2505.  The Court further held:

> After this 6-month period, <u>once the alien provides good
> reason to believe that there is no significant
> likelihood of removal in the reasonably foreseeable
> future</u>, the Government must respond with evidence
> sufficient to rebut that showing. And for detention to
> remain reasonable, as the period of prior post-removal

2

> confinement grows, what counts as the "reasonably
> foreseeable future" conversely would have to shrink.
> This 6-month presumption, of course, does not mean that
> every alien not removed must be released after six
> months.  To the contrary, an alien may be held in
> confinement until it has been determined that there is
> no significant likelihood of removal in the reasonably
> foreseeable future.

Zadvydas v. Davis, et al., 121 S. Ct. at 2505 (emphasis added).

In Akinwale v. Ashcroft, et al., 287 F.3d 1050 (11th Cir.

2002), the Eleventh Circuit held that six months post-final order

detention must have elapsed before the filing of a habeas

petition, and that, "in order to state a claim under Zadvydas the

alien not only must show post-removal order detention in excess

of six months but also must provide evidence of a good reason to

believe that there is no significant likelihood of removal in the

reasonably foreseeable future." Id. at 1052 (emphasis added).

In Lema v. USINS, 214 F.Supp.2d 1116, 1118 (W.D. Wash.

2002), aff'd 341 F.3d 853 (9th Cir. 2003), even where post-order

detention had exceeded six months, the district court explained

that:

> The mere fact that six months has passed since
> petitioner was taken into INS custody does not satisfy
> his burden.  While an alien's detention will no longer
> be presumed to be reasonable after six months, there is
> nothing in Zadvydas which suggests that the Court must
> or even should assume that any detention exceeding that
> length of time is unreasonable.  Rather, the passage of
> time is simply the first step in the analysis.
> Petitioner must then provide "good reason to believe
> that there is no significant likelihood of removal in
> the reasonably foreseeable future."

In the instant case, some controversy surrounding petitioner's continual assertions of infirmity had slowed down the process of travel document issuance by the Nigerian government.  That government had requested certain medical records in order to review for itself whether petitioner would be issued travel documents.  Respondent provided to the Nigeria government such relevant documents as it had.  The Nigerian Embassy has now indicated, however, that they have sufficient information upon which to issuance a travel document for petitioner. Declaration of Allan Sweeney, ¶5.  The next step is for the Nigerian Embassy to obtain the approval of its Ambassador regarding the issuance of the travel document, that meeting is scheduled for August 16, 2005, and respondent believes the travel document will then be issued. <u>Id</u>.

Accordingly, because there is a "significant likelihood of removal in the reasonably foreseeable future" the petition fails to state a claim upon which relief may be granted.

**CONCLUSION**

For all the reasons set out above, the petition should be dismissed and all other relief denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  s/Frank Crowley
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114
(617) 565-2415

CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to
be served upon pro se petitioner by mail on August 15, 2005.

s/Frank Crowley
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114

5

ATTACHMENT A

## DECLARATION OF ALLAN SWEENEY

(1) I am a Detention and Deportation Officer assigned to U.S. Immigration and Customs Enforcement (ICE), Detention and Removals Operations, U. S. Department of Homeland Security, in Washington, D.C. I have served in this capacity since April 2004. I have been a Detention and Deportation Officer since 1997, and I have been employed by the agency (formerly the Immigration and Naturalization Service) since 1991.

(2) My present duties include development of policy and regulations relating to the enforcement of final orders of deportation and the detention and removal of aliens from the United States.

(3) I am familiar with the case of Eugene Okechukwu AGINA, File no. A29 296 454. ICE is currently pursuing a travel document suitable for removing Mr. Agina to Nigeria.

(4) The Embassy of Nigeria has claimed that they have sufficient information in which to issue a travel document for Mr. Agina. A meeting will be held between the Embassy of Nigeria and the Ambassador of Nigeria on or about August 16, 2005. At that time a decision will be made whether or not the Ambassador of Nigeria is in concurrence regarding the issuance a travel document.

(5) ICE believes that a travel document will be issued at that time and thus Mr. Agina's removal will occur in the reasonable foreseeable future.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Allan Sweeney

Allan Sweeney

Executed in Washington, D.C.                    Dated: _____ AUG 1 2 2005